UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS J. SWEET,                )
                                )
           Plaintiff            )       Case No. 1:08-cv-364
                                )
v.                              )       Honorable Robert Holmes Bell
                                )
JOHN E. POTTER,                 )
                                )       **REPORT AND RECOMMENDATION**
           Defendant.           )
_____)

This is a civil action brought *pro se* by a retired postal worker claiming employment discrimination by the United States Postal Service in its handling of "terminal leave" payments he received after his November 1, 2002 retirement. "Terminal leave" is the number of accumulated annual leave hours for which a separating Postal Service employee may receive payment on his separation from Postal Service employment. The defendant is John E. Potter, Postmaster General of the United States. Plaintiff alleges that his terminal leave payments violated his rights under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* (docket # 1).

The matter is now before me on defendant's July 30, 2008 motion for summary judgment. (docket # 15). Plaintiff elected not to file a response to defendant's motion. For the reasons set forth herein, I recommend that defendant's motion for summary judgment be granted, and that judgment be entered in defendant's favor on all plaintiff's claims.

**Applicable Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *S.S. v. Eastern Ky. Univ.*, 532 F.3d 455, 452 (6th Cir. 2008). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford*

*& Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"  *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007).

Although plaintiff elected not to file a response to defendant's motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff.  *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000).  Rather, the court is required to examine the movant's summary judgment motion to ensure that he has discharged his initial burden.

**Proposed Findings of Fact**

The following facts are beyond genuine issue.  Plaintiff began his employment with the Postal Service in 1960 as a full time letter carrier.  On October 3, 1992, plaintiff took an optional voluntary retirement and elected to receive a retirement annuity.  On March 4, 1995, plaintiff was re-hired by the Postal Service as a part-time flexible city carrier in the status of a re-employed annuitant.  Plaintiff continued to receive his annuity payments which reduced his salary.  On September 8, 2001, plaintiff became a full-time city carrier, and he held that position until his November 1, 2002 retirement.

On December 6, 2002, plaintiff received a check from the Postal Service in the amount of $6,030.92 as his terminal leave payment.  "Terminal leave is the number of accumulated annual leave hours a separating Postal Service employee may receive payment for upon separation" from Postal Service employment.  (Alan Ruof Decl., ¶ 4, docket # 16, Ex. A).  Plaintiff was a re-

employed annuitant, which means that he had previously retired from the Postal Service and was later re-hired. (*Id.*, ¶ 5). When plaintiff retired on November 1, 2002, the Postal Service calculated his terminal leave payment using a formula that had been in effect since at least 1992. The payment was based on an offset rate, which deducted plaintiff's annuity from his full salary rate. (Ruof Decl., ¶¶ 5-8).

After plaintiff had received his $6,030.92 check, he filed a request that he receive a terminal leave calculated on the basis of his full salary rate rather than the offset rate. On January 9, 2003, Alan Ruof, Manager of the Postal Service's Benefits Programs, learned that plaintiff disagreed with the rate that had been used in calculating his terminal leave payment. Mr. Ruof initiated a review of the Postal Service's practice. The practice review involved the Postal Service's finance, labor relations, and law departments, and it took several months to complete. The Postal Service changed its practice in July 2003, and it applied the higher full salary rate to all re-employed annuitants, retroactive to May 31, 2002. (Ruof Decl., ¶¶ 10-13).

On March 14, 2003, before the Postal Service had completed its practice review, plaintiff sought EEO counseling. Counseling concluded on May 2, 2003. On May 30, 2003, plaintiff filed an EEO complaint alleging that on the date of his retirement he had been discriminated against on the basis of disability (cervical disc disease) and in reprisal for protected EEO activity by receiving a terminal leave payment at the offset rate and by receiving only a "partial annuity benefit." On May 30, 2003, the Postal Service accepted plaintiff's complaint regarding the issue of his terminal leave pay, but it dismissed plaintiff's allegation regarding his retirement annuity because that benefit fell within the exclusive jurisdiction of the Office of Personnel Management.

After the Postal Service approved use of the full salary rate for the terminal payments of re-employed annuitants, it forwarded a software change request to the Accounting Service Center (ASC) located in Eagan, Minnesota. (Ruof Decl. ¶ 12). Cullen S. Kiely, ASC Supervisor, reviewed employment records and determined that three re-employed annuitants who had recently retired, including plaintiff, were entitled to a supplemental terminal leave payment for the difference between what they had been paid at the offset rate at retirement and what they were now entitled to receive at their full salary rate under the revised practice. All three of the former employees received supplemental terminal leave payments in July 2003. Plaintiff received a supplemental terminal leave payment of $3,229.78. (Kiely Decl. ¶¶ 1-8 & Exs. 1 & 2, Ruof Decl. ¶ 14).

On September 22, 2005, Administrative Judge (AJ) Deborah M. Barno issued a decision in favor of the Postal Service on all plaintiff's claims. (docket # 16, Ex. C). AJ Barno observed that there was "no evidence that the complainant engaged in any EEO activity prior to his contact with the EEO Dispute Resolution Specialist on March 14, 2003 regarding the instant matter." (docket # 16, Ex. C). Accordingly, she dismissed plaintiff's retaliation claim. On plaintiff's disability discrimination claim, she found no evidence that plaintiff was disabled within the meaning of the Rehabilitation Act. (*Id.* at 8). She determined that, "Even assuming the complainant could establish a prima facie case, the Agency ha[d] articulated legitimate, non-discriminatory reasons for its actions." (*Id.*). Plaintiff presented no evidence that these reasons were a pretext for discrimination. (*Id.* at 9).

Plaintiff sought review by the EEOC. On January 24, 2008, the EEOC entered a final decision affirming the administrative judge's decision:

>With regard to his claim of retaliation with regard to the issuance of partial terminal leave pay, the AJ found that the complainant produced no evidence that he had engaged in any EEO activity prior to his contact with the EEO Dispute Resolution Specialist on March 14, 2003, regarding the present matter. Thus, the AJ found complainant failed to state a claim of retaliation as to the issue of the partial terminal leave payment.
>
>With regard to his disability claim, we find that the AJ properly found that the agency articulated a legitimate, non-discriminatory reasons for its actions. The AJ noted that after complainant retired on November 1, 2002, he received a check for terminal leave pay at the reduced rate in accordance with the agency's policy at the time. Complainant then contacted the agency's Benefits Program Manager in Washington D.C. regarding the partial payment. The Benefits Program Manager agreed to look into the situation which, in turn resulted in the agency's review and revision of its policy regarding re-employed annuitants that had been effective since 1992. The AJ noted that the agency completed its review in July 2003, and it determined that complainant and two other employees were entitled to a terminal leave payment at the full rate of pay. The AJ noted that the agency calculated the pay adjustments and compensated complainant and two other individuals under the differential. Complainant did not produce evidence to show that the agency's articulated reason [was] pretext for disability discrimination.
>
>* * *
>
>Accordingly, the agency's finding of no discrimination is AFFIRMED.

(docket # 16, Ex. D). On January 24, 2008, the EEOC denied plaintiff's request for reconsideration.

On April 18, 2008, plaintiff filed his complaint in this court. (docket # 1).

**Discussion**

**I.     Rehabilitation Act**

Under the Rehabilitation Act, "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a); *see Blume v. Potter*, No. 07-6237, 2008 WL 3820590, at * 1 (6th Cir. Aug. 14,

2008). The gravamen of plaintiff's discrimination claim is set forth in his complaint as follows: "The latest allegation of disability discrimination being that the agency refused to pay my terminal leave payment within one or two weeks of retirement as the agency had done for all similarly situated employees within my protected group." (docket # 1). Simply put, plaintiff alleges that the agency payed him a lower terminal leave payment because of his disability.

Plaintiff presented no direct evidence of discrimination. Therefore, the court must examine the circumstantial evidence under the "familiar three-step burden-shifting framework" originally articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later refined in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). *Jones v. Potter*, 488 F.3d 397, 403-04 (6th Cir. 2007); *see Blume v. Potter*, 2008 WL 3820590; *Leeds v. Potter*, 249 F. App'x 442, 447-48 (6th Cir. 2007). "The initial burden rests with the plaintiff to establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment decision. Should the employer carry this burden, then the burden returns to the plaintiff to prove by a preponderance of the evidence that the employer's proffered reason was in fact a pretext designed to mask illegal discrimination." *Jones v. Potter*, 488 F.3d at 404 (citations omitted).

A district court's duty in reviewing a motion for summary judgment is to determine if plaintiff has put forth sufficient evidence for a reasonable jury to find that he meets the prima facie requirements. *See Jones v. Potter*, 488 F.3d at 404-05; *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 661 (6th Cir.2000). A prima facie case under the Rehabilitation Act requires proof: (1) that plaintiff is a person with a disability as defined by the Act; (2) that he is otherwise qualified; (3) that he suffered an adverse employment action; (4) that his employer knew or had reason to know

of his disability; and (5) that a similarly situated non-disabled individual received more favorable treatment.  *Jones v. Potter*, 488 F.3d at 404; *Blume v. Potter*, 2008 WL 3820590, at * 3 (citing *Doherty v. S. College of Optometry*, 862 F.2d 570, 573 (6th Cir.1988)).

Plaintiff has not presented evidence on which a reasonable jury could find a *prima facie* case of discrimination.  He did not submit evidence that he was disabled within the meaning of the Rehabilitation Act.  "The Act defines 'a person with a disability' as any person who: (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment. 29 U.S.C. § 705(20)(B)."  *Blume v. Potter*, 2008 WL 3820590, at * 3.  "[T]he EEOC defines 'substantially limits' as being '[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.'"  *Id.* (quoting 29 C.F.R. § 1630.2(j)(ii)).  "Finally, 'major life activities' are described as 'functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'"  *Blume v. Potter*, 2008 WL 3820590, at * 3 (quoting 29 C.F.R. § 1630.2(i)).  There is no evidence before me that plaintiff had a disability, or that the Postal Service regarded him as having a disability.  *See Blume v. Potter*, 2008 WL 3820590, at * 3; *Brady v. Potter*, 273 F. App'x 498, 502-03 (6th Cir. 2008).  No similarly situated re-employed annuitant was treated more favorably in his or her terminal leave payments.  488 F.3d at 404.

Assuming *arguendo* that plaintiff had presented evidence in support of a prima facie case, the defendant articulated a legitimate, non-discriminatory reasons for the terminal leave payments plaintiff received.  The only evidence before the court concerning the agency's motive for

paying plaintiff a lower terminal leave payment is that the agency was following its then existing policy applicable to annuitants. Plaintiff has not presented evidence that defendant's reasons were a pretext for discrimination. *Jones v. Potter*, 488 F.3d at 406.

### II.     Retaliation

Plaintiff's one-page, letter-complaint (docket # 1) does not mention "retaliation." Plaintiff attached to his complaint a copy of the EEOC's March 11, 2008 decision denying his motion for reconsideration. (docket # 1, Ex. I). Plaintiff is proceeding *pro se*, and under a very indulgent reading, this exhibit could be considered an attempt by plaintiff to allege the retaliation claim that he had asserted before the EEOC. However, at the summary judgment stage, mere allegations do not suffice. Plaintiff has not presented evidence sufficient for his retaliation claim to survive defendant's motion for summary judgment. A prima facie case of retaliation requires proof that: (1) he engaged in protected activity; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff; and (4) there was a causal connection between the plaintiff's protected activity and the adverse employment action. *See Blume v. Potter*, 2008 WL 3820590, at * 6 (citing *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir.2000)). Plaintiff has not presented evidence supporting any element of a prima facie retaliation claim. Defendant has articulated legitimate, non-discriminatory reasons for the actions taken and plaintiff has presented no evidence that defendant's reasons were a pretext for discrimination.

**Recommended Disposition**

For the reasons set forth herein, I recommend that defendant's motion for summary judgment (docket # 15) be granted, and that judgment be entered in favor of the defendant on all plaintiff's claims.


Dated:   October 15, 2008                         /s/  Joseph G. Scoville
                                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).